**UNITED STATES of America**

v.

**Charles L. GEERTS.**

**Crim. No. 85–00459.**

United States District Court,
E.D. Pennsylvania.

Dec. 5, 1985.

Richard L. Scheff, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Donald J. Goldberg, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

The government has moved to revoke a pre-trial release order pursuant to 18 U.S.C. § 3145(a)(1) on the basis that the defendant poses a serious risk of flight and no condition or combination of conditions will reasonably assure his presence at trial. For the reasons set forth below, I will grant the government's motion.

On November 7, 1985, defendant was arrested in Los Angeles, California on a warrant issued in the United States District Court for the Eastern District of Pennsylvania. On November 12, 1985, Magistrate Joseph Reichman of the United States District Court for the Central District of California ordered that defendant be detained. Magistrate Reichman vacated his order the next day and released the defendant on one million dollars bond and certain other conditions.[1] The following day this court ordered a stay of the magistrate's release order until the disposition of the government's motion for revocation which was filed four days later.[2] *See United States v. Theron*, No. 85–1269M slip op. at 3 (C.D. Ca.1985) (California magistrate correctly deferred to stay order from district court of original jurisdiction). On November 21, 1985, this court held a detention hearing, but no disposition was reached because further factual information concerning the amount and accessibility of defendant's financial resources was necessary. Additional information was obtained and a second hearing was held on November 25, 1985.

After a *de novo* review of the stipulated evidence, defendant's proffered testimony and oral argument, *see United States v. Delker*, 757 F.2d 1390, 1394–95 (3d Cir. 1985) (*de novo* review), I conclude that there is a serious risk that the defendant will flee and that no condition or combination of conditions will reasonably assure the defendant's appearance at trial. *See* 18 U.S.C. § 3142(e). This conclusion is supported by a preponderance of the evidence and is based upon the following findings of fact which are made pursuant to § 3142(g).

First, I consider the nature and circumstances of the offense charged. Defendant is charged with one count of conspiracy and 23 counts of violating 18 U.S.C. § 542 which makes it unlawful to introduce imported merchandise into United States commerce by means of any false statement. It is significant that the underlying charge is one of deceit. While a prosecution pursuant to 18 U.S.C. § 542 may present legal questions of first impression, defendant, nevertheless, faces the possibility of approximately 50 years of imprisonment.

Second, I am unable to consider the weight of evidence against the defendant because neither side has made any reference to this factor.

Third, I consider the history and characteristics of the defendant. Defendant is a citizen of The Netherlands with no significant ties to the United States. He has no

---

1. Transcripts of these two hearings are unavailable.

2. While the Bail Reform Act does not expressly provide for detention pursuant to such a stay order, it does provide for detention to permit the revocation of a conditional release. *See* §§ 3142(d); 3145(a)(1). The government's motion for a stay of the release was tantamount to a motion for revocation of release and, consequently, was construed as a motion for revocation for the purpose of detention. Accordingly, the temporary detention period began running on the date that the stay order was signed.

immediate family in the United States and owns no real property here. Although the extent of defendant's financial resources are not known with certainty, it is known that he owns at least seven businesses and has declared bringing over one and one half million dollars into this country since 1979. While defendant owns real property in The Netherlands, it is heavily encumbered and there no evidence of any method by which it could be posted as bail. Defendant's several business trips to the United States do not constitute a significant tie to this country as defendant is capable of conducting business within the United States while in another country. Defendant is an international traveler and businessman with contacts worldwide. If he were to flee, the United States could not compel The Netherlands to extradite him.

Finally, the source of defendant's bond money is unknown and, thus, the bond provides inadequate assurance that defendant will appear. Furthermore, defendant's net worth is not known with certainty and, thus, the amount of bail necessary to assure his appearance is also unknown.

In sum, defendant presents a serious risk of flight because he has no ties with the United States apart from the financial tie which would be created if he were released on bail. However, because the source of defendant's bond money and the amount of defendant's net worth are presently unknown, I am unable to conclude that a bond could reasonably assure defendant's appearance. If defendant is able to provide sufficient documentation as to both of these matters, I will reconsider the question as to whether a bond could reasonably assure the defendant's appearance at trial.

An order follows.

### ORDER

AND NOW, this 25th day of November, 1985, it is ordered as follows:

1. The defendant shall be committed to the custody of the Attorney General for detention in a corrections facility where he may receive adequate treatment for his diabetic condition and where he may be held separate, to the extent practicable, from persons awaiting or serving sentences or being detained pending appeal.

2. The defendant shall have reasonable opportunity for private consultation with counsel.

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.